SUPERIOR COURT
OF THE
STATE OF DELAWARE

ABIGAIL M. LEGROW
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
TELEPHONE (302) 255-0669

August 29, 2019

To:  All Counsel of Record
*Via File&ServeXpress*

RE:  **Solera Holdings, Inc. v. XL Specialty Insurance Company, et al.**
**C.A. No. N18C-08-315 AML CCLD**

Dear Counsel,

On July 31, 2019, I issued an opinion (the "Opinion") resolving a motion for summary judgment in this insurance coverage case.[1] The motion was filed by two of the named insurance company defendants, ACE American Insurance Company and Federal Insurance Company and was joined by several other defendants, including Endurance American Insurance Company, now known as Sompo International ("Sompo").

On August 7, 2019, Sompo filed a Motion for Reconsideration or Clarification of the Court's Opinion (the "Motion"). In the Motion, Sompo argues "it is premature to rule that Delaware law – or any other law – applies to the

---

[1] *Solera Holdings, Inc. v. XL Specialty Insur. Co.*, 2019 WL 3453232 (Del. Super. July 31, 2019) (hereinafter "Opinion").

coverage issues [in this case]."[2]   Sompo therefore seeks to clarify that "notwithstanding [the Court's] comment in the Opinion that Delaware law applied to certain issues at this juncture, choice of law issues remain to be explored through discovery and, ultimately, in further motions or pretrial proceedings in this case."[3]   Sompo contends it is "likely" that Texas law, not Delaware law, governs the insurance policy in this case and argues there is a conflict between Texas and Delaware law as to whether a consent to defense expenses clause in an insurance policy contains an implied prejudice requirement.[4]

The plaintiff, Solera Holdings, Inc. ("Solera"), argues in response that the Court should deny the Motion because Sompo has not identified a conflict between Delaware and Texas law.  Solera contends the Texas cases Sompo cites as being in conflict with this Court's holding are not factually or procedurally similar to this case.  Solera also points out, correctly, that Sompo never raised this particular conflict in its joinder to the summary judgment motion.  Finally, Solera argues that even if such a conflict exists, the record demonstrates that Delaware law applies.

---

[2] Motion for Reconsideration or Clarification (hereinafter "Motion") at 2.

[3] Motion at 1-2.

[4] I do not understand the purpose of Sompo's seemingly gratuitous questioning of the correctness of the Court's holding that Delaware law implies a prejudice requirement in consent to defense expenses clauses.  *See* Motion at 3 ("But *if* Delaware law holds that a consent to *defense expenses* clause contains an implied prejudice requirement, there are clear conflicts between Delaware and Texas law.") (emphasis in original).  To the extent Sompo's comments seek reargument of that ruling, such an effort is improper in the context of the present motion.  To the extent the comment or emphasis on certain words simply seeks to express Sompo's disagreement or displeasure with the Court's holding, such disagreement or displeasure is presumed, need not be expressed, and should be reserved for appeal.  For now, the holding constitutes the law of the case.  *See Frank G.W. v. Carol M.W.*, 457 A.2d 715, 718 (Del. 1983).  Future unnecessary commentary of this nature on this or any other issue will not fare well before this Court.

Although I believe it was clear from the Opinion, this letter should serve to clarify that the Opinion did not rule on choice of law because that issue was not ripe for consideration. The joining defendants neither asked the Court to decide what state's law applied to the policy nor identified a conflict between Delaware and any other state on the issues raised in the summary judgment motion.[5] Unless and until such a conflict is raised, choice of law remains a potentially interesting, but entirely hypothetical argument.[6] For that reason, the Opinion noted that the joining defendants had raised the argument as a basis for denying Solera's request for summary judgment, but did not decide any conflict of law issue. Instead, the Court held that even if Delaware law applied, factual issues made summary judgment inappropriate at this stage.[7]

Accordingly, the parties are free to raise at a later date the issue of whether a conflict exists between Delaware law and another state on any issue before the Court, and – to the extent such a conflict exists – the parties are free to argue how the Court should resolve the *Restatement's* "most significant relationship" test. In

---

[5] *See* Opinion at *6. Notably, the joining defendants, including Sompo, never argued in their briefs or at oral argument that there was even a potential conflict between Delaware and Texas law on the interpretation of the Consent Clause. Rather, the joining defendants argued there was a potential conflict between Delaware and Texas law on whether the policy's definition of "Loss" included prejudgment interest on a non-covered loss. Even on that issue, however, the joining defendants simply argued that the potential (unidentified) conflict, and the factual question of which state's law applied, precluded summary judgment in Solera's favor.

[6] *Mills Ltd. Partnership v. Liberty Mutual Ins. Co.*, 2010 WL 8250837, at *4 (Del. Super. Nov. 5, 2010); *Great Am. Opportunities, Inc. v. Cherrydale Fundraising LLC*, 2010 WL 338219, at *8 (Del. Ch. Jan. 29, 2010).

[7] Opinion at *6-7.

other words, the Opinion does not preclude the parties from raising a conflict of law argument at the appropriate time. **IT IS SO ORDERED.**

Sincerely,

Abigail M. LeGrow, Judge